UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROYCE LAVELLE CORLEY,

                              Petitioner,

        -against-

UNITED STATES OF AMERICA,

                              Respondent.

25-CV-9986 (LLS)

TRANSFER ORDER

LOUIS L. STANTON, United States District Judge:

Petitioner Royce Lavelle Corley, who is currently under supervised release under the supervision of the United States Probation and Pretrial Services for the District of Delaware, brings this petition, *pro se*, under 28 U.S.C. § 2241.[1] He seeks to challenge his May 2, 2014 conviction in this court in *United States v. Corley*, No. 13-CR-0048 (JRL) (S.D.N.Y. May 2, 2014). For the reasons set forth below, the Court construes this petition as a second or successive motion under 28 U.S.C. § 2255, and transfers this action to the United States Court of Appeals for the Second Circuit.

## BACKGROUND

In an amended judgment of conviction imposed on April 21, 2014, and entered May 5, 2014, Petitioner was found guilty of three counts of sex trafficking of a minor and one count of possession of child pornography, and the court sentenced him to 120 months' incarceration, followed by ten years' supervised release. *See Corley*, ECF 1:13-CR-0048, 63. On February 9, 2017, the Court of Appeals for the Second Circuit affirmed Petitioner's conviction. *See United States v. Corley*, No. 14-1709 (2d Cir. Feb. 9, 2017). The Supreme Court denied *certiorari* on October 2, 2017. *Corley v. United States*, 583 U.S. 879 (Oct. 2, 2017). On October 5, 2018,

---

[1] Petitioner paid the filing fee to bring this action.

Petitioner filed a motion to vacate, set aside, or correct his sentence under Section 2255, which the district court denied by opinion and order dated August 11, 2020. *See Corley v. United States*, No. 18-CV-9280 (AJN) (S.D.N.Y. Aug. 11, 2020), *appeal dismissed*, No 21-2718 (2d Cir. Sept. 17, 2020).

Petitioner now brings this petition under Section 2241, invoking the "savings clause" of 28 U.S.C. § 2255(e), arguing that Section 2255 is inadequate or ineffective to challenge his sentence because 18 U.S.C. § 3583(k), a statute that permitted sentences of supervised release greater than five years, was deemed unconstitutional in *United States v. Haymond*, 588 U.S. 634 (2019), a decision that was issued several years after Petitioner's conviction, appeal, and first Section 20255 motion. (*See* ECF 1, 6). Petitioner seeks to set aside his term of supervised release on the grounds that *Haymond* struck down as unconstitutional the statutory basis of that sentence. (*See id.* at 8.)

## DISCUSSION

### A.    Petitioner may not bring his claims under 28 U.S.C. § 2241

The proper jurisdictional basis for the relief Petitioner seeks is Section 2255, not Section 2241. Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence." *See Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001). Under Section 2241, a federal prisoner may challenge the "*execution* of [his] sentence," *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997), such as decisions to deny parole, or conditions of confinement, *see, e.g.*, *Jiminian*, 245 F.3d 144, 146. Petitioner's claim—that the trial court lacked statutory authority for imposing its sentence of supervised release—falls within the scope of a Section 2255 motion, but outside that of a Section 2241 petition.

Petitioner's claim that Section 2241 is nevertheless proper under the savings clause of Section 2255(e) does not satisfy the standards set forth in Section 2255 to bring a Section 2241

2

petition. In limited circumstances, a Section 2255 motion may be "inadequate or ineffective to test the legality of [a] detention." 28 U.S.C. § 2255(e); *see Jones v. Hendrix*, 599 U.S. 465, 474 (2023) ("Traditionally, courts have treated the saving clause as covering unusual circumstances in which is it impossible or impracticable for a prisoner to seek relief from the sentencing court."); *Poindexter v. Nash*, 333 F.3d 372, 378 (2d Cir. 2003) ("In some very limited circumstances, claims that fall within the substantive scope of § 2255 may properly be made in a petition filed under § 2241."). Section 2255 generally is "inadequate or ineffective" where it cannot be utilized and "the failure to allow for collateral review would raise serious constitutional questions." *Triestman v. United States*, 124 F.3d 361, 377 (2d Cir. 1997). The savings clause, therefore, authorizes a petition under Section 2241 "only when § 2255 is unavailable *and* the petition is filed by an individual who (1) 'can prove actual innocence on the existing record,' and (2) 'could not have effectively raised [his] claim[ ] of innocence at an earlier time.'" *Dhinsa v. Krueger*, 917 F.3d 70, 81 (2d Cir. 2019) (quoting *Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003)).

Petitioner fails to meet these two predicates for a challenge of his sentence under Section 2241. First, he does not show that Section 2255 is unavailable. Section 2255 relief is "*not* inadequate or ineffective simply because the prisoner cannot meet the AEDPA's gate-keeping requirements, so long as the claim the prisoner seeks to raise was previously available to him on direct appeal or in a prior § 2255 petition." *Adams v. United States*, 372 F.3d 132, 135 (2d Cir. 2004). Petitioner argues that Section 2255 is unavailable to him because the Supreme Court's decision in *Haymond*, 588 U.S. 634, which he alleges renders unconstitutional the statutory basis of his sentence of supervised release, was issued after he was sentenced, and after he appealed his conviction and filed his first Section 2255 motion. The gatekeeping provision of

3

Section 2255(h)(2), however, permits a movant to seek approval from the Court of Appeals to file a second or successive Section 2255 motion if the motion is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Here, Petitioner does not allege that he made any attempt to seek permission from the Court of Appeals to file a second or successive petition under Section 2255(h), or that such relief is unavailable.

Second, even if Petitioner could argue that Section 2255 relief is unavailable to him, he does not allege that he is actually innocent. In the context of a savings clause analysis, actual innocence "normally means simply that the defendant did not commit the crime." *Poindexter*, 333 F.3d at 381 (citations omitted). Because Petitioner does not argue that he did not engage in sex trafficking or possess child pornography, but rather that the Supreme Court has since invalidated the statutory basis for his sentence of supervised release, he does not argue that he is actually innocent.

Finally, even if Petitioner could show that he can proceed with his actual innocence claim, he alleges no facts suggesting that he could not have raised his claims of innocence earlier, either on direct appeal or in a Section 2255 motion. *See Dhinsa*, 917 F.3d at 81 (petitioner invoking the savings clause must (1) 'prove actual innocence on the existing record,' and (2) 'could not have effectively raised [his] claim[ ] of innocence at an earlier time.'" (citation omitted)).

Because Petitioner fails to show that Section 2255 is unavailable and that he can proceed with his actual innocence claim in a Section 2241 petition, he may not challenge his conviction under Section 2241.

4

**B.        Transfer to the United States Court of Appeals for the Second Circuit**

Because Petitioner already challenged his conviction and sentence in a prior Section 2255 motion, *see Corley v. United States*, No. 18-CV-9280 (AJN) (S.D.N.Y. Aug. 11, 2020), *appeal dismissed*, No 21-2718 (2d Cir. Sept. 17, 2020), and the district court decided that motion on the merits, this Section 2255 motion is a second or successive motion, *see Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998) (holding that an application is second or successive when a prior motion was adjudicated on the merits).[2]

Before a petitioner may file a second or successive Section 2255 motion in a district court, authorization from the appropriate court of appeals is required. 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255(h). Petitioner has not indicated that he received authorization from a court of appeals to file this motion. Therefore, Petitioner must request permission to pursue this motion from the United States Court of Appeals for the Second Circuit. Because second or successive motions should be transferred to the appropriate court of appeals, *Liriano v. United States*, 95 F.3d 119, 122–23 (2d Cir. 1996) (*per curiam*) (holding that second or successive Section 2255 motions should be transferred to the appropriate court of appeals), in the interest of justice, the Court transfers this motion to the United States Court of Appeals for the Second Circuit.

---

[2] A court may recharacterize an application as a second or successive Section 2255 motion without providing the petitioner an opportunity to withdraw the application. *Jiminian*, 245 F.3d at 148. Because Petitioner has already filed a Section 2255 motion that was decided on the merits, this application is recharacterized as a second or successive Section 2255 motion.

**CONCLUSION**

In the interest of justice, the Court transfers this second or successive Section 2255

motion to the United States Court of Appeals for the Second Circuit under 28 U.S.C. § 1631. *See*

*Liriano*, 95 F.3d at 122-23. This order closes this action in this court.

SO ORDERED.

Dated:    January 22, 2026
          New York, New York

_____
LOUIS L. STANTON
U.S.D.J.